UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:                                                  In proceedings Under Chapter #13

JACK PALO                                        CASE NO.: 11-29381-BKC-RBR
TARYN PALO
    Debtor
_____/

## MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

**IMPORTANT NOTICE TO CREDITORS: THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a Proof of Claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4).]**

1.      Pursuant to 11 U.S.C. §506(a), Bankruptcy Rule 3012, Local Rule 3015-3 1 U.S.C. 506, Bankruptcy Rule 3012,  the debtor seeks to value real property securing the claim of the second mortgage held by Bank of America. Lender holds a mortgage recorded at OR Book 40514 Page 186  in the official records of Broward County, Florida.

2.       The real property is located at 2432 NE 20 Terrace, Lighthouse Point, FL and is more particularly described as follows:

HILLSBORO ISLES 29-4 B LOT 4 BLK 3

3.      At the time of the filing of this case, the value of the real property is $168,600.00 as determined by an appraisal.

4.      Bank of America holds a first mortgage on the real property, senior in priority to Lender (Bank of America).  The Bank of America first mortgage claim is in the aggregate amount of $181,556.09.

5.

___X___ Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of the Lender, the value of the Lender's secured interest in the real property is $0.

_____ Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of the Lender, there is equity of $_____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $_____ and the value of the Lender's unsecured deficiency claim is $_____.

6.  The undersigned reviewed the docket and claims register and states (select only one):

__X___  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.


Or

_____ Lender has filed a proof of claim in this case. . It shall be classified as secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.  The subject property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in the Chapter 13 case, and (e), providing such other and further relief as just.

**NOTICE IS HEREBY GIVEN THAT:**

1.	In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing on this Motion, the value of the collateral may be established as the amount as stated above and in this motion without further notice, hearing or order of the court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted By:

        **LLOYD A. BARON, P.A.**
        2855 University Drive, #520
        Coral Springs, FL  33065
        (954) 796-2100
        (954) 208-9944 fax


        By:   /s/ Lloyd A. Baron

        _____
        Lloyd A. Baron, Esq.
        Florida Bar No.: 790974

**I HEREBY CERTIFY** that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 910 (d) (1) & (2).


LF-77 (rev. 1/08/10)